

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D CHAVEZ,<br><br>    Petitioner,<br><br>v.<br><br>D. DAVEY, Warden,<br><br>    Respondent. | No. CV 18-4021 SJO (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS UNEXHAUSTED |

Petitioner, a prisoner in state custody proceeding *pro se*, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") on or about April 23, 2018. Petitioner challenges a 1993 conviction and sentence.

**1.** **FAILURE TO EXHAUST**

    A.    <u>The Court may not consider a petition that includes unexhausted claims.</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court will not grant a state prisoner's petition for writ of

---

[1] A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

habeas corpus unless it appears that the petitioner has fully exhausted available state court remedies with respect to each of the issues presented, or, unlike the instant case, the state has expressly waived the exhaustion issue. *See* 28 U.S.C. §§ 2254(b), (c); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 839, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); *Duncan v. Henry,* 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*per curiam*). State remedies have been exhausted if a petitioner has "fairly presented" each federal claim to the highest state court with jurisdiction to review it, and a claim has been "fairly presented" if a petitioner has set forth both the operative facts and the federal legal theory on which the claim is based. *See, e.g., Duncan,* 513 U.S. at 365-66; *Anderson v. Harless,* 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971). Thus, "for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Gray v. Netherland,* 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); *Davis v. Silva,* 511 F.3d 1005, 1009 (9th Cir. 2008). A petitioner may also alert the state court to the federal basis of his claim by citing "a case deciding such a claim on federal grounds . . . ." *Baldwin v. Reese,* 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *Davis,* 511 F.3d at 1011.

The petitioner has the burden of demonstrating that he has exhausted available state remedies. *See, e.g., Brown v. Cuyler,* 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions. *See Sanders v. Ryder,* 342 F.3d 991, 999 (9th Cir. 2003); *Peterson v. Lampert,* 319 F.3d 1153, 1159 (9th Cir. 2003).

B.  The Petition appears to be unexhausted.

Petitioner has failed to demonstrate that he has presented the current claims

to state court, since the only appeals that appear on record appear to be unrelated to the claims he presents in this habeas petition, based on the recent passage and implementation of California Proposition 57.

C. Neither exception to the exhaustion requirement is applicable.

AEDPA provides that the Court may consider an unexhausted claim if "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B)(i)-(ii). Thus, if it were clear here that petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion requirement would be satisfied. *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996). However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claim is procedurally barred under state law, if petitioner were to raise it in a habeas petition to the California Supreme Court (which, being an original proceeding, is not subject to the same timeliness requirement as a petition for review of a California Court of Appeal decision). *See, e.g., In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where petitioner claimed sentencing error, even though the alleged sentencing error could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that there is neither an absence of available state corrective process nor an existence of circumstances that render such process ineffective.

2. **ORDER TO SHOW CAUSE**

The Court orders petitioner to show cause in writing within 15 days of the date of this order why the Petition should not be dismissed for failure to exhaust. If available, petitioner should include a copy of his petition for review to the California Supreme Court with his response to this order.

If petitioner fails to provide a timely response to this order, the Court will recommend that the Petition be dismissed without prejudice for failure to exhaust.

IT IS SO ORDERED.

DATED: May 22, 2018

/S/ FREDERICK F. MUMM
FREDERICK F. MUMM
United States Magistrate Judge